UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| VICTOR D. MCMILLER, SR., # 100564, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:15-CV-119-RLJ-MCLC |
| DERRICK SCHOFIELD, JASON WOODALL, TONY PARKER, GERALD MCALLISTER and BENNY TOWNSEND, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

This pro se prisoner's civil rights action pursuant to 42 U.S.C. §1983, was severed from the cases of those of multiple other prisoners at the Northeast Correctional Complex ("NECX") who filed the original complaint in *Montague v. Schofield*, No. 2:14-CV-292 (E.D. Tenn. Sept. 25, 2014) [Doc. 1]. After screening the complaint to determine whether Plaintiff Montague had stated viable § 1983 claims, the Court afforded all other plaintiffs the "opportunity to file an amended complaint alleging how the events or conditions set forth in the complaint have violated that specific plaintiff's constitutional rights" and warned each plaintiff that, unless he filed an amended complaint stating a claim entitling him to relief, his case would be dismissed. *Montague*, No. 2:14-CV-292 [Doc. 102 pp. 8, 31-32].

Now before the Court are Plaintiff's motion to transfer his case and his amended complaint [Docs. 5-6].

### I. Motion to Transfer

The main thrust of Plaintiff's amended complaint, like the original complaint in Case No. 2:14-CV-292, is that the implementation of the "Tier Management System" ("TMS") by the Tennessee Department of Correction ("TDOC") has resulted in many wrongful confinement conditions at the NECX and throughout the TDOC prison system, in violation of the settlement

agreement in *Grubbs v. Bradley*, 821 F.Supp. 496 (M.D. Tenn. 1993). In his motion to transfer [Doc. 5], Plaintiff refers to the Memorandum & Order entered on April 22, 2015 in *Montague*, in which the Court held that it had no jurisdiction over such claims because "allegations regarding possible violations of the settlement agreement in *Grubbs v. Bradley*, a case litigated in the Middle District, are improperly brought in this Court." *Montague*, No. 2:14-CV-292 [Doc. 102 p.21].

Plaintiff asserts that his lawsuit duplicates one filed in the Middle District of Tennessee, to wit, *Clifton v. Schofield*, No. 3:14-CV-02026 (M.D. Tenn. May 4, 2015); that the issues in these cases overlap, as do the parties (meaning, presumably, the party defendants, since Plaintiff was not a party in that case); and that transfer of this case to the Middle District is proper [Doc. 5 at 1-2].

The Court disagrees with Plaintiff's arguments. The Middle District has transferred *Clifton v. Schofield* to this Court based on venue. *Clifton v. Schofield*, No. 2:15-CV-00138 (E.D. Tenn. 2015) [Doc. 82]. But prior to that transfer, Clifton's complaint was screened to determine whether the pleading contained viable § 1983 claims. The district court apparently found that Clifton's claims that Defendants had "played a role in violating the requirements of *Grubbs v. Bradley*" were sufficient to advance to service. *Id.*, No. 2:15-CV-00138 [Doc. 52 pp. 3-4 and Doc. 82]. The district court did not engage in any specific discussion as to whether it would or could entertain Plaintiff Clifton's claims that implementation of the TMS created wrongful confinement conditions which violated the settlement agreement in *Grubbs*.

Under certain circumstances, a district court has jurisdiction to enforce a settlement agreement after the underlying action has been dismissed. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (holding that a federal district court has jurisdiction to enforce the terms of a settlement agreement after a case has been dismissed, if it retains jurisdiction to do so as part of the dismissal order). The purposes of this type of jurisdiction (i.e., ancillary jurisdiction) are: "(1) to permit disposition by a *single court* of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its

2

proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (emphasis added) ( internal citations omitted).

This Court clearly did not enter the dismissal order in *Grubbs* and could not have retained jurisdiction over the settlement agreement. Accordingly, this Court does not have ancillary jurisdiction over Plaintiff's claims that Defendants have violated the settlement agreement in *Grubbs*. The Court will not spar with its sister court in the Middle District over whether venue lies in this Court for claims involving purported violations of the settlement agreement in the closed case of *Grubbs v. Bradley*.

Accordingly, the Court declines to transfer this action to the Middle District and **DENIES** Plaintiff's motion [Doc. 5].

## II. Amended Complaint

The amended complaint, as was the original complaint, is disorganized, confusing, overlapping, and repetitive [Doc. 6]. Plaintiff has drafted his amended complaint in such a way as to make it impossible to unscramble the multitude of claims alleged therein to determine whether he has made any allegations which are not inextricably tied to his so-called *Grubbs*' claims.[1]

---

[1] For example, in the section of the twenty-page amended complaint, which is entitled "Allegations of Personal Involvement," Plaintiff contends:

> That the [Defendants] are deliberately, intentionally, maliciously violating, my constitutional rights, statutory rights . . . , minimum Standards Tennessee Corrections Institute . . . and A.C.A. Standards . . . and the settlement agreement in the previously closed litigation of *Grubbs-vs-Bradley*, 552 F.Supp. 1052 (M.D. Tenn. 1982) and *Grubbs-vs Bradley*, 821 F.SUPP. 496 (M.D. Tenn. 1993), where the court gave reason as to why they [sic] were lifting the federal mandates on the "T.D.O.C.", Tennessee Department of Correction; to wit, in *Grubbs v. Bradley* [,] 821 F. Supp. 496, commonly refereed [sic] to as *Grubbs II*....

[Doc. 6 p.4 (internal statutory citations omitted)]. Plaintiff goes on to complain that the standards TDOC accepted in *Grubbs* for removing court supervision over TDOC facilities have been abandoned in favor of TMS and that TDOC has reverted to operating its prisons in the manner in which it operated those facilities before *Grubbs*. Plaintiff, therefore, maintains that he is adversely

3

It is true that pro se pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). It is also true that pro se status does not exempt Plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

Pro se plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1104 (6th Cir. 1995). The complaint must give defendants fair notice of what a plaintiff's claim is and the grounds upon which it rests. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1987); *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520 (6th Cir. 2006) (observing that "the court is not required to create a claim for the plaintiff[]") (internal quotation marks and citation omitted).

This Court is statutorily charged with screening the amended complaint, *see* 28 U.S.C. § 1915A and § 1915(e), and, if the pleading passes the screening test, to allow service on Defendants, who are then required to answer or otherwise respond to the allegations in the complaint. *See* Fed. R. Civ. P. 4, 12.

As it stands now, the Court cannot screen the amended complaint unless it is clear which, if any, claims asserted in the pleading are independent of the *Grubbs*-based claims, over which the

---

affected by an institutional lockdown which directly resulted from instituting TMS, by gang violence, and by overcrowding and that he is entitled to the protection of *Grubbs* since he was in prison during the litigation.

4

Court has determined it lacks jurisdiction. It may be, as Plaintiff suggests in his motion to transfer, that the claims asserted in this action are indivisible from the settlement order in *Grubbs*.[2]

Therefore, unless within twenty (20) days of the date on this order, Plaintiff repleads his case in accordance with the Federal Rules of Civil Procedure, paying special attention to Rule 8, and includes only claims related to the original complaint, which are untethered to the settlement order in *Grubbs*, the Court will dismiss this action, without further notice to Plaintiff, for failure to comply with the orders of the Court. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

/s/ Leon Jordan
_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE

---

[2] In the motion to transfer, Plaintiff describes his *Grubbs* claims as the "most important claims" [Doc. 5 p. 1].